UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMY ZAINFELD, et al.,<br><br>                      Plaintiffs,<br><br>          v.<br><br>VIVID SEATS, LLC, et al.,<br><br>                      Defendants. | 24 Civ. 1520 (DEH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

      On May 3, 2024, Defendants filed a motion to compel arbitration and motion to dismiss. *See* ECF No. 18. On the same day, they filed an "unopposed" motion to transfer this case. *See* ECF No. 20. In a joint filing on May 8, 2024, the parties stated that they "agree that this class action lawsuit should be transferred to the United States District Court for the Eastern District of New York and consolidated with the substantially similar first-filed action lawsuit filed pending in that District." *See* ECF No. 22. For the reasons set forth below, the Court **GRANTS** the motion to transfer venue. The Court does not address the request for consolidation, or the motion to compel arbitration and motion to dismiss, ECF No. 18, leaving those decisions to the Eastern District of New York.

## LEGAL STANDARDS

      "The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).[1] "Th[e] rule embodies considerations of judicial

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). "Proper application of the first-filed rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. Importantly, application of the rule does not require *identical* parties, but merely requires substantial overlap." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (emphasis in original).

There are two exceptions to the first-filed rule: (1) "where special circumstances warrant giving priority to the second suit," and (2) "where the balance of convenience favors the second-filed action." *Wausau*, 522 F.3d at 275; *accord N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112. "Where special circumstances are not present, a balancing of conveniences is necessary." *Wausau*, 522 F.3d at 276.[2]

The Second Circuit has held that "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Among these factors are: (1) the plaintiff's

---

[2] "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112. One special circumstance is where the first-filed actions are "improper anticipatory actions," which are cases where a party files a declaratory judgment action in an apparent effort to win the race to the courthouse. *See Wasau*, 522 F.3d at 275-76; *accord Amorphous v. Flipboard, Inc.*, No. 15 Civ. 5802, 2016 WL 1651868, at *3 (S.D.N.Y. Apr. 26, 2016) (similar). Another special circumstance is "where forum shopping alone motivated the choice of situs for the first suit." *Wausau*, 522 F.3d at 276. Neither of these circumstances is present here.

2

choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Wausau*, 522 F.3d at 275. "Courts also frequently consider: (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.'" *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 Civ. 10529, 2023 WL 35028, at *2 (S.D.N.Y. Jan. 4, 2023).

"Where the first-filed rule is found applicable, the decision of whether to stay or dismiss a proceeding rests within the district judge's discretion." *Wyler-Wittenberg*, 899 F. Supp. 2d at 247. "The court should take whichever action it deems proper to avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Id*. This disposition is not a "rigid test, but requires instead the district court consider the equities of the situation when exercising its discretion." *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

## DISCUSSION

> [W]here a party is requesting to transfer a case between the Eastern and Southern Districts of New York, most courts ordinarily find, and the Court agrees, that due to the close proximity of the courts in each district, the following factors are relatively neutral with regard to transfer: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) cost of obtaining the presence of witnesses; (5) relative ease of access to sources of proof; (6) calendar congestion; or (7) where the events in issue took place.

*Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 449 (E.D.N.Y. 2011) (collecting cases); *see also Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("Given the proximity of the courts in the Southern and Eastern Districts of New York, the

3

aforementioned factors do not pose an obstacle to transferring this action to the Eastern District.").

Accordingly, the two remaining issues this Court must address in ruling on the Defendants' motion to transfer are "(1) how much deference to give the Plaintiff's choice of forum and (2) how to weigh the interest of justice." *Ahmed*, 777 F. Supp. 2d at 449-50. As to deference to plaintiffs' choice of forum, this factor is also neutral. Although the plaintiff's choice of venue is usually given significant weight in the transfer analysis, *cf. Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc) (describing deference to a plaintiff's choice of forum under *forum non conveniens*), it is not always determinative. *See Larew v. Larew*, No. 11 Civ. 5771, 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012). There is less deference given to a plaintiff's choice of forum in cases where, as here, a plaintiff brings an action on behalf of himself and a putative class. *See Totilo v. Herbert*, 538 F. Supp. 2d 638, 640 (S.D.N.Y. 2008) ("Where . . . the plaintiff sues on behalf of a putative class, the degree of deference accorded its choice is diminished."). And, in any event, the Plaintiffs in this case "do not oppose [Defendants'] transfer motion." Mem. in Supp. of Mot. to Transfer ("Transfer Mem.") 1, ECF No. 21. The parties state that they "agree that this class action lawsuit should be transferred to the United States District Court for the Eastern District of New York." *See* Proposed Civil Case Management Plan & Scheduling Order 1, ECF No. 22. Thus, Plaintiff's choice of forum is also a neutral factor.

And the interests of justice weigh clearly in favor of transfer. "[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy." *Williams*, 2006 WL 399456, at *3. Thus, courts have acknowledged that "[t]he single most significant circumstance favoring transfer . . . is the

4

existence of the related action[]" in the transferee district. *Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003).

Here, there is significant overlap between this action, which was filed on February 28, 2024, *see* Compl., ECF No. 1, and the first-filed action in the Eastern District, *Rubinstein v. Vivid Seats Inc.*, which was filed on February 25, 2024. *See* Compl., No. 24 Civ. 1287 (E.D.N.Y. Feb. 25, 2024), ECF No. 1. The two cases involve similar facts, and "the single claim [brought] in both cases are nearly mirror images." Transfer Mem. 3. Both cases also bring nationwide class actions for the same time period; they bring class actions on behalf of individuals who purchased tickets through Vivid Seats' website on or after August 29, 2022. *Id.* at 4. Having two courts deciding the same issue poses an obvious risk of inconsistent judgments, not to mention a waste of judicial resources. Judicial economy and the interests of consistency strongly favor a single judge deciding both actions because "litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids duplicative litigation, prevents inconsistent results, and saves time and expense for both parties and witnesses." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006).

Based on the totality of the circumstances, and following the first-filed rule, the Court holds that Defendants have met their burden of demonstrating that a transfer to the Eastern District of New York, where a parallel action is pending, would be in the interests of convenience and fairness.

## CONCLUSION

Accordingly, the Clerk of Court is respectfully direct to transfer this case to the Eastern District of New York.

SO ORDERED.

Dated: May 20, 2024
       New York, New York

_____
DALE E. HO
United States District Judge